**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TYROWONE KIMBLE**                                                              **PLAINTIFF**

**v.**                                            **No. 3:02CV56-D-A**

**LLOYD DEFER, ET AL.**                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the January 27, 2006, motion of defendants Jerry Ferguson and Billy Sossaman for summary judgment in this *pro se* prisoner case filed under 42 U.S.C. § 1983. The court extended the deadline to April 3, 2006, for the plaintiff to respond to the motion. That deadline has expired. The matter is ripe for resolution. For the reasons set forth below, the court shall grant the defendants' motion, and this case shall be dismissed for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

# Undisputed Material Facts[1]

The defendants remaining in this case are Billy Sossaman ("Sossaman") and Jerry Ferguson ("Ferguson"). At all relevant times, Sossaman was a patrol officer and Ferguson was a Captain with the Coffeeville, Mississippi, Police Department. Plaintiff's Depo., at 41. On August 20, 1999, Officer Billy Sossaman stopped the plaintiff for driving a vehicle without a valid tag. Plaintiff's Deposition, P. 8-9. The vehicle he was driving had a temporary "drive-out tag from Memphis" because he had recently bought the car and had not purchased a Mississippi tag for the vehicle. *Id.* at 9. After Sossaman stopped the plaintiff, he requested the plaintiff's driver's license and asked him to step out of his vehicle. *Id.* Sossaman then ran the plaintiff's driver's license through dispatch and discovered that the plaintiff's driver's license was suspended. *Id.* at 12. The plaintiff's driver's license had been suspended because the plaintiff failed to appear for a hearing regarding charge of sale of cocaine. *Id.* at 13.

At this point, Officer Sossaman decided to place the plaintiff under arrest. Sossaman immediately called for back-up, then notified the plaintiff that he was placing him under arrest for driving without a tag and driving with a suspended license. *Id.* at 19. Despite Sossaman's request that the plaintiff submit to the arrest, the plaintiff simply "walked back to [his] car." *Id.* The plaintiff acknowledged this fact at his deposition:

    Q: Did the officer tell you to stop?

    A: Yes.

    Q: And did you stop?

---

[1] The undisputed facts set forth in this opinion are taken nearly verbatim from the defendants' motion for summary judgment. The facts can be found in the plaintiff's complaint and his deposition. They are not in dispute because the plaintiff did not respond to the motion for summary judgment.

A: No.

*Id.*

The plaintiff then "jumped in and put [his car] in gear." *Id.* at 20. Officer Sossaman yelled "Stop!" and jumped into the driver's side window of the plaintiff's vehicle. *Id.* Sossaman tried to grab the vehicle steering wheel and to put the car in park. *Id.* During this altercation, Sossaman's back-up, Captain Ferguson, arrived on the scene. *Id.* at 19. When Ferguson saw Officer Sossaman hanging out of the window struggling with the plaintiff for control of the vehicle, Ferguson fired one round into the plaintiff's rear tire. *Id.* at 20-22. The plaintiff then put the car in park and climbed over his passenger, opened the passenger side door, and exited the vehicle. *Id.* The plaintiff then fled into the woods. *Id.* at 23. Sossaman chased the plaintiff through the woods. *Id.* After several minutes of running through the woods, the plaintiff "just gave up." *Id.* Sossaman checked the plaintiff's pockets for drugs. *Id.* Captain Ferguson arrived soon after and, according to the plaintiff, "[T]hey roughed me up a little bit, pushing me, calling me names, said I was fat, 'I thought you could run, and things to a racial – a racial nature." *Id.* at 24. The plaintiff described this in more detail:

> Q: You said they roughed you up a little bit. Tell me what they did.
>
> A: Pushed me and pulled me. They said I was fat, and I couldn't run.
>
> Q: How did they push and pull you?
>
> A: From behind.

*Id.* at 25. When they got back to the patrol car, Sossaman searched the plaintiff's pants "where [his] genitals are." *Id.* Neither Sossaman nor Ferguson hurt the plaintiff. *Id.* Plaintiff testified, "Nothing about police brutality was in my complaint." *Id.* An ambulance was called to the scene to treat the injuries of Sossaman and the plaintiff. *Id.* at 27; Medical Record, Exhibit "D"

to defendants' motion for summary judgment. Both the plaintiff and Sossaman were injured during the chase through the woods. *Id.* The plaintiff received medical care at the scene. *Id.* The plaintiff was charged with possession of beer, possession of marijuana, driving with a suspended license, simple assault upon a police officer, and driving without a valid vehicle tag. *Id.* at 32; Arrest Report. The plaintiff was taken to the Coffeeville Police Department and strip-searched. *Id.* at 29. Sossaman then transferred the plaintiff to the Grenada County Jail. *Id.* at 30. Sossaman informed officials at the Grenada County Jail that the Plaintiff should not be allowed to bond out because he was being charged with a felony (simple assault upon a police officer), while the Plaintiff was already out on bond for a previous felony (sale of cocaine).

## Discussion

The plaintiff alleges that his constitutional rights were violated when the defendants falsely arrested him, abused their authority by filing charges of simple assault upon a police officer (which prohibited the plaintiff from being granted bail), and denied him medical care. As discussed below, all of these claims fail as a matter of law.

### *Heck*

The plaintiff's claim of false arrest runs into the barrier of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck*, a plaintiff may not file a suit under 42 U.S.C. § 1983 that is based upon the fact or duration of the plaintiff's confinement – unless the invalidity of that confinement has been legally established. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). The plaintiff's perceived inability to receive bail is an issue proper for a *habeas corpus* claim, not for a claim under § 1983. In addition, the plaintiff has not shown the court that his confinement in jail prior to trial has been invalidated. As such, his claim under 42 U.S.C. § 1983 regarding his inability to be eligible for bond is not ripe for consideration and shall be dismissed.

## Charge of Simple Assault on a Police Officer

The plaintiff's allegation that the charge of simple assault was trumped up is belied by the his own testimony. After Officer Sossaman told the plaintiff he was under arrest, the plaintiff got back into his car and started driving away. Sossaman jumped into the window of the plaintiff's vehicle and tried to put it into park. The plaintiff wrestled with Sossaman for control of the vehicle *while dragging Officer Sossaman with the vehicle*. Only Captain Ferguson's act of shooting out the right rear tire of the plaintiff's retreating vehicle seems to have deterred the plaintiff from dragging Sossaman away. A person commits the crime of simple assault upon a police officer if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. MISS. CODE ANN. § 97-3-4. Clearly, dragging a police officer down the road with a motor vehicle constitutes an attempt to cause bodily injury to that police officer. The plaintiff's own testimony sets forth that factual scenario. As such, the plaintiff's claim that the defendants lacked probable cause to arrest and charge him with simple assault is without substantive merit – and shall thus be dismissed.

## Denial of Medical Care

The plaintiff testified that he received minor injuries from the incident, namely, cuts and scrapes from brambles and rocks during his illegal flight from an arresting officer. The plaintiff's injuries were self-inflicted as they were caused by his illegal flight – not by the arresting officer. Had the plaintiff simply submitted to his arrest, he wound not have been scraped up in his flight through the brambles. In addition, such injuries are *de minimis* and thus do not rise to the level sufficient to trigger scrutiny under 42 U.S.C. § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193(5th Cir. 1997) (sore bruised ear lasting three days was *de minimis*). Finally,

the plaintiff testified that he indeed received medical treatment at the scene (as did Officer Sossaman). As such, the plaintiff's claim for denial of medical care must fail.

In sum, the motion for summary judgment filed by the defendants shall be granted, and all the plaintiff's claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of May, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE